AARON OWENS, Executor of GEORGE GOSLEE, appellant *vs.* GEORGE G. BENNETT, Adm'r. of ELIZA BENNETT, deceased, formerly ELIZA OWENS, and daughter of Elizabeth Goslee, a sister of the testator, respondent.

The statute of wills requires that a will shall be attested and *subscribed* by two or more witnesses. A paragraph written *below* the signature of the testator, and of the attesting witness, though proved by one of the witnesses to have been so added, *before* the execution of the will, is not proved according to the statute.

APPEAL from the decree of the register of Sussex county, in the matter of the will of George Goslee.

The will was dated January 19, 1829; admitted to probate August, 10, 1835; proved again January 12, 1837; petition for review filed September 4, 1851; decree October 18, 1851. The will was signed by mark—witnesses, John Lowe, William H. Wales, Benjamin Collins and James Nicholson. There was a "*nota bene,*" written under the signature of the testator, (and also under the signatures of the attesting witnesses,) by the witness, Lowe, who wrote the will. It was as follows:—

"N. B. Item, I give and bequeath unto Aaron Owens, all my personal property, I possess or hold."

Test.—The foregoing N. B. was written at the same time with the main part of the aforesaid will, and before said George Goslee executed and signed the same; and was acknowledged by him at the same time.

The will was proved by John Lowe, one of the witnesses, the other three being dead or out of the State. Lowe proved their death and absence, that the will was regularly executed and published, and that the postcript, or N. B., was written by the express orders of the testator before execution.

The register admitted the will to probate, rejecting the "nota bene;" from which decree this appeal was taken.

The exceptions were—1. That the petitioner, as the administrator of Elizabeth Bennett, late Elizabeth Owens, deceased, is not entitled to a review of said will. 2. That no review having been prayed for in her life time, by either her or her husband, and her husband still surviving her, and praying no review, it is now too late for such review.

*Mr. Houston* argued the appeal for appellants, and cited 6 *Cruise Dig.*, 49; *Jerman on Wills*, 69, (6,) 77; *Lovelace on Wills*, 159-60; 25 *Law Lib.*; *Modern Prob. of Wills*, 200. The witness, like the testator, may sign any part of the will. (*Powel on Devises*, 76-7; 61-3, (*n.* 9,) 21 *Law Lib.*; 1 *Burr. Rep.*, 549; 3 *Ibid*, 1775; 7 *Wend. Rep.*, 345; 4 *Comstock Rep.*, 140; *Kearns* vs. *Kearns*, 4 *Harr. Rep.*, 85; 19 *Johns. Rep.*, 336; 4 *Cow. Rep.*, 483.)

*Mr. Layton*, contra, for defendants, cited *Dig.*, 555; *Code*, 1840; *Dig.*, 555; 6 *Cruis Dig.* 61, 73, 1 *Roberts on Wills*, 74; 1 *Powel Dev.*, 76-77; [43-4] 75, [*n.* 9,] 2 *Harr. Rep.*, 448, 451.

*By the Court.*

HARRINGTON, *Judge.*—Though it may have been decided that the

name of the testator, written by himself, at the beginning of the will, is a sufficient signing, it would be to go much further to say that as igning by the witness would satisfy our statute of wills, which requires that the witness shall both "attest and *subscribe*" the will. The former construction has been regarded as a refined and even scholastic stretching of the statute; the latter cannot be made without wresting the force of the word "subscribe," and the apparent object of the law, in adding it to the word "attested." It has also been regretted that the enlarged construction of the statute in reference to signing wills, had in a great measure defeated its purpose, which was to prevent frauds; and this mischief would be still more extensive, if both the signing of the testator's name, and the attestation and subscription of the witnesses should be allowed to cover parts of the will below such signatures. Such is the present case. The "N. B.," or clause disposing of the whole personal property, is below all the signatures, and is not *subscribed* by any but the witness, Lowe, in his attestation, evidently written after the will itself.

Decree of the register affirmed.